UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JULIUS J. LIPS, JR.**                                              **CIVIL ACTION**

**VERSUS**                                                           **NO:  20-2450**

**EVEREST SYSTEMS, LLC, ET AL**                                      **SECTION: "S" (4)**

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** pursuant to Rule 12(b)(6) (Rec. Doc. 6) filed by defendants, Everest Systems, LLC and John Linnell is **GRANTED in part** and **DENIED in part,** and plaintiff's claims for wrongful termination and fraud stemming therefrom are **DISMISSED.** The motion to dismiss plaintiff's tortious interference with contract claim as prescribed is **DENIED as premature**;

**IT IS FURTHER ORDERED** that the **Motion to Strike Exhibits** (Rec. Doc. 12) filed by defendants is **DENIED**.

BACKGROUND

Plaintiff Julius Lips was employed as a sales representative by defendant Everest Systems, LLC ("Everest") beginning in December 2015. Everest is a Texas company that manufactures and sells high performance roofing products. Lips alleges that at the time of hire, the parties signed an employment agreement, which provided, inter alia, for one year's severance pay and 90 days notice in the event of termination without cause as defined under the employment agreement. The employment agreement also provides for payment of commissions on sales generated by Lips, to be paid to him upon Everett's receipt of payment for the sale. The

employment agreement does not include a length for the term of employment. On January 28, 2019, Everest terminated Lips and paid him five weeks of severance pay, citing his failure to meet sales goals as a reason for the termination.

Lips filed suit on July 22, 2020, for breach of contract, fraud, and damages against Everest and its owner, Linnell, in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana. Lips alleges Everest's termination of his employment for failure to meet sales goals violated the employment agreement because no defined sales goals existed, and meeting sales goals was not an itemized basis for a cause termination. As a result, Lips alleges that he was actually terminated without cause and is entitled to one-year severance pay. He further alleges that Everest wrongfully and fraudulently terminated him to avoid payment of future commissions that would have been owed to him under the agreement if his employment had continued. Lips claims that Everest violated La. Rev. Stat. § 23:632 by failing to pay him pre-termination commissions, and that he is entitled to the unpaid commissions plus ninety days penalty wages and attorneys' fees. Lips alleges that Linnell, Everest's managing member, intentionally interfered with the employment agreement between Everest and Lips. Lips seeks dissolution of a non-compete agreement included in the employment agreement.

The case was removed to this court based on diversity jurisdiction. Defendants now move to dismiss Lips' claim for fraud against Everest, and Lips' claim against Linnell for tortious interference with contract,[1] arguing that Lips has failed to state a claim for either cause of action.

---

[1] Defendants also sought dismissal of Lips' claim for damages under La. R.S. 23:632, but Lips has withdrawn that claim, rendering that portion of the motion moot.

Defendants further argue that the claims are prescribed because they were filed over a year after Lips' termination.

Defendants have also moved to strike two exhibits attached to Lips' opposition memorandum, arguing that because they were not attached to or referenced in the original petition, they cannot be considered on a motion brought under Rule 12(b)(6).

## DISCUSSION

### I. Motion to Dismiss

#### A. Legal standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).

In considering a motion to dismiss for failure to state a claim, a district court may

3

consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

### B. Analysis

#### 1. Fraud claim

Lips alleges that Everest terminated him in January 2019 under "false/fraudulent pretenses in order to avoid paying commissions on two large accounts scheduled to be completed in mid-2019", and that Everest "wrongfully terminated [Lips'] employment in order to retain the commissions and improve its own profits."[2] Defendants seek dismissal of Lips' fraud claim against Everest arguing that because the employment agreement has no term, Lips is an at-will employee and Everest was thus entitled to terminate the employment relationship at any time, for any reason. Alternatively, defendants contend that even if Lips did state a cause of action against Everest for fraud stemming from wrongful termination, that cause of action is prescribed because it was filed over a year after Lips' termination.

Under Louisiana law, employment contracts are either limited term or terminable at will. Read v. Willwoods Cmty.,165 So. 3d 883, 887 (La. 2015). Under a limited term contract, the parties agree to be bound for a fixed period during which the employee may not resign without

---

[2] Petition, Rec. Doc. 1-1, ¶¶ 13, 17.

assigning cause, nor may the employer dismiss the employee without cause. Id. "When a contract does not provide for a limited term, an employer can dismiss the employee at any time and for any reason without incurring liability." Id.; see also, Brannan v. Wyeth Labs., Inc., 526 So. 2d 1101, 1103-04 (La. 1988)(collecting cases).

In the present case, the petition specifically alleges that the employment agreement provided no term. Because the employment agreement contains no term, plaintiff was an at-will employee, and defendant was free to terminate his employment for any reason or for no reason at all. Accordingly, defendants are entitled to dismissal of plaintiff's fraud claim premised on the termination of Lips' employment in alleged violation of the employment agreement.

**2. Tortious interference with contract claim**

Lips alleges a claim for tortious interference with contract against Linnell, claiming that "[a]s managing member of Everest, Linnell intentionally interfered with the Employment Agreement between Everest and [Lips], causing Everest to violate the contract." Petition, Rec. Doc. 1-1, ¶ 22.

In order to prevail on a claim for intentional interference with contract, a plaintiff must establish: "(1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer." 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 234

(La. 1989).

In this case, Lips alleges the existence of a contract granting him a legally protected interest in commissions earned prior to his termination; that Linnell, a corporate officer, knew of the contract; and that the contract was violated by the corporation, Everest. Lips further alleges that Linnell intentionally interfered with the contract without justification, causing him damages. Defendants counter that because Lips was an at-will employee, no contract existed between him and Everest with which Linnell could have interfered.

As noted above, Louisiana recognizes two types of employment contracts: limited term and terminable at will. Read,165 So.3d at 887. The fact that Lips' contract is a terminable at will contract does not mean there is no contract at all, but rather that neither party can be liable for termination. Quebedeaux v. Dow Chemical Co., 820 So.2d 542, 545–46 (La. 2002). The fact that an employee may be terminated does not erase other valid provisions of the agreement.

Thus, while the court recognizes that an at-will employee has no "legally protected interest **in his employment** necessary for a claim for tortious interference with a contract," Favrot v. Favrot, 68 So. 3d 1099, 1111–12 (La. App. 4th Cir. 2011), writ denied, 62 So. 3d 127 (La. 5/6/11)(internal quotations and citations omitted), it does not follow that an at-will employee has no legally protected interest in his earned commissions or other wages to support a claim for tortious interference with a contract. In this case, Lips alleges, inter alia, that Linnell interfered with his contract with Everest in order to deprive him of contractually owed commissions. Accordingly, construing the allegations of the petition in plaintiff's favor, Lips has stated a claim for intentional interference with contract against Linnell.

### 3. Prescription

Defendants argue that any claim plaintiff has for tortious interference with contract is prescribed on its face, because Lips was terminated on January 28, 2019 and did not file suit until July 22, 2020, beyond the one-year prescriptive period. Lips contends that while he was aware of the termination at the time it occurred, he was unaware of Everest's and Linnell's fraudulent and tortious behavior until he was contacted by other former Everest employees in late 2019, and thus prescription didn't begin to run until then. He argues that it is premature to find the claims prescribed because discovery is required to establish the point at which he should have had the requisite knowledge of his claim.

When a defendant shows that the claims raised in the complaint are "prescribed on [their] face, the plaintiff bears the burden of proving [that] the prescriptive period has been suspended, interrupted or renounced." Wilhike v. Polk, 999 So.2d 83 (La. Ct. App. 2008) (citing Lima v. Schmidt, 595 S.2d 624 (La. 1992)).

Lips' claim for tortious interference with contract stems from Linnell's alleged interference with Lips' agreement with Everest, terminating him to deprive him of earned commissions. The petition alleges that the commissions were for sales "scheduled to be completed in summer 2019."[3] Because the instant suit was filed on July 22, 2020, it is not clear from the face of the complaint that one year had elapsed from the time the claims accrued. Therefore, discovery is needed to determine the date on which prescription began to run, and thus the motion to dismiss plaintiff's claim for tortious interference with contract based upon

---

[3] Petition, Rec. Doc. 1-1, ¶ 17.

7

prescription is premature.

## II.  Motion to Strike Exhibits

Defendants have also moved to strike two documents attached as exhibits B and C to Lips' opposition memorandum, arguing that because they were not attached to or referenced in the original petition, they cannot be considered on a motion brought under Rule 12(b)(6). The exhibits in question include January 28, 2019 correspondence addressing Lips' alleged failure to meet Everest sales goals and a January 14, 2019 e-mail addressing Lips' sales performance.

In ruling on a motion to dismiss, district courts may consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and central to the plaintiff's claims. Brand Coupon Network, 748 F.3d at 635 (5th Cir. 2014). Lips' petition at paragraphs 9 and 10 explicitly references the January 28, 2019 correspondence, and the content of the January 14, 2019 e-mail is recited in paragraph 14. They are central to plaintiff's claim. Therefore, the motion to strike is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** pursuant to Rule 12(b)(6) (Rec. Doc. 6) filed by defendants, Everest Systems, LLC and John Linnell is **GRANTED in part** and **DENIED in part,** and plaintiff's claims for wrongful termination and fraud stemming therefrom are **DISMISSED.** The motion to dismiss plaintiff's tortious interference with contract claim as prescribed is **DENIED as premature**;

**IT IS FURTHER ORDERED** that the **Motion to Strike Exhibits** (Rec. Doc. 12) filed by defendants is **DENIED**.

New Orleans, Louisiana, this \_\_\_8th\_\_\_ day of January, 2021.

                **MARY ANN VIAL LEMMON**
                **UNITED STATES DISTRICT JUDGE**